Hodges *v.* Rachels.

Opinion delivered October 22, 1928.

*Golden Blount*, for appellant.

*Wm. H. Roth* and *John E. Miller*, for appellee.

Humphreys, J.  A judgment was obtained on December 10, 1927, by appellee against appellant, for an attorney's fee of $150, before W. H. Bell, a justice of the peace in Gray Township, in White County.  At the time the judgment was rendered, appellant prayed and was granted an appeal to the circuit court of said county by the justice of the peace.  Appellant filed or caused the justice of the peace to file an abstract in the office of the circuit clerk on January 7, 1928, which was nine days before the circuit court convened in regular session.  The circuit court convened in regular session on January 16, 1928.  After the transcript was filed in the circuit court the case was set down for trial on January 30, 1928, at which time the attorney for appellant appeared and objected to a trial at that term of the court because the transcript had not been filed ten days before court convened, contending that the court was without jurisdiction to try the cause unless the transcript had been filed as much as ten days before circuit court convened in regular session.  The court overruled appellant's objection, and proceeded to try the cause.  An exception was properly saved and preserved to the ruling of the court.  The trial of the cause resulted in a judgment

against appellant, from which he has duly prosecuted an appeal to this court.

The first contention of appellant for a reversal of the judgment is that the court had no jurisdiction to try the cause because the transcript had not been filed and the appeal allowed by the circuit clerk ten days or more before the circuit court convened. The statute governing appeals from justices of the peace makes no such requirement where the appeal is allowed by the justice at the time of the rendition of the judgment and ten days or more before the circuit court convenes. Section 6525 of Crawford & Moses' Digest governs under the facts in this case, and reads as follows:

"All appeals allowed ten days before the first day of the term of the circuit court next after the appeal allowed shall be determined at such term, unless continued for cause."

The appeal was allowed by the justice of the peace on December 10, 1927, more than ten days before January 16, 1928, the day circuit court convened in regular session. Under this statute the intervening time is not computed from the time of filing the transcript with the circuit clerk, but from the day of its appeal by the justice of the peace, in order that it shall stand for trial at the next succeeding term of the circuit court. There is no merit in appellant's contention that the case did not stand for trial at the term of the circuit court beginning January 16, 1928.

Appellant makes the further contention that the judgment should be reversed for the alleged reasons that the verdict and judgment are not sustained by the evidence; that counsel for appellee was permitted to ask him leading questions; and that the court refused to allow appellant to testify to the exact conversation and happenings between him and appellee relative to the transaction in hand. Appellant has not seen fit to abstract the testimony in the case, so the court cannot consider this contention. These are questions that arise out of the evidence which should have been abstracted. In order

to consider them, the court would be compelled to explore the record, which cannot possibly be done with due regard to a dispatch of the business before us.

No error appearing, the judgment is affirmed.